**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2015 MAY 13  PM 4: 30

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ 

**CARLOS CHACON,**
        **Plaintiff,**

-vs-                                                        **Case No. A-12-CA-226-SS**

**OFFICER ERIC COPELAND, OFFICER
RUSSELL ROSE, and THE CITY OF AUSTIN,
TEXAS,**
        **Defendants.**

## **JUDGMENT**

BE IT REMEMBERED on the 2nd day of March 2015, the Court called the above-captioned matter for trial, and the plaintiff Carlos Chacon and the defendants Officer Eric Copeland and Officer Russell Rose appeared with their respective counsel. The parties announced ready for trial, and a jury of seven duly and legally qualified jurors was sworn in, and thereafter, the case proceeded to trial. On March 3, 2015, Mr. Chacon rested his case, and Officers Copeland and Rose filed a motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure, which the Court denied. The trial continued until Officers Copeland and Rose rested their case, also on March 3, 2015. Officers Copeland and Rose then renewed their motion for judgment as a matter of law, and the Court continued the above ruling. The case was submitted to the jury on March 4, 2015.

The jury returned its verdict on March 5, 2015, answering specifically: Question 1(a) "Yes," finding Officer Copeland violated Mr. Chacon's Fourth Amendment right to be protected from excessive force by using excessive force during the course of Mr. Chacon's arrest; Question 1(b) "Yes," finding Officer Rose violated Mr. Chacon's Fourth Amendment right to be protected from

excessive force by using excessive force during the course of Mr. Chacon's arrest; Question 2(a) "No," finding Officer Copeland entitled to qualified immunity for his actions; and Question 2(b) "Yes," finding Officer Rose not entitled to qualified immunity for his actions. In response to Question 3, the jury found that the sum of money, if paid now in cash, that would fairly and reasonably compensate Mr. Chacon for his injury was: $300,000 for physical pain and mental anguish sustained in the past; $200,000 for physical pain and mental anguish that, in reasonable probability, Mr. Chacon will sustain in the future; $300,000 for loss of capacity for enjoyment of life sustained in the past; and $200,000 for loss of capacity for enjoyment of life that, in reasonable probability, Mr. Chacon will sustain in the future.

Following the verdict, Mr. Chacon filed his motion for entry of judgment, and Officer Rose filed his renewed motion for judgment as a matter of law or, alternatively, motion for new trial or remittitur. The Court thereafter entered its order carrying Mr. Chacon's motion for entry of judgment and granting in part and denying in part Officer Rose's motion for judgment as a matter of law or, alternatively, motion for new trial or remittitur. The Court found while the evidence supported the jury's verdict as to Officer Rose's liability, the jury's $1,000,000 damages award was clearly excessive in light of the evidence presented, and remitted the award to $60,000. The Court conditioned its denial of Officer Rose's motion for a new trial on damages on Mr. Chacon's acceptance of the remitted award. Mr. Chacon thereafter filed a notice with the Court accepting the remittitur.

Accordingly, the Court, having accepted the verdict and having the verdict filed with the Clerk, finds from the pleadings, verdict, and under the law, that the following judgment should be entered and is so entered:

IT IS ORDERED, ADJUDGED, and DECREED that the plaintiff Carlos Chacon do have and recover judgment against Officer Russell Rose in the amount of SIXTY THOUSAND DOLLARS AND 00/100 ($60,000.00), plus interest at 0.24% per annum until paid, plus costs of suit, for which let execution issue;

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the plaintiff Carlos Chacon TAKE NOTHING in this cause against the defendants Officer Eric Copeland and the City of Austin, Texas, and that they go hence with their costs, for which let execution issue; and

IT IS FINALLY ORDERED, ADJUDGED, and DECREED that the plaintiff Carlos Chacon's Motion for Entry of Judgment [#84] is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for attorney's fees, if any, shall be made following entry of this judgment in accord with Local Rule CV-7(j).

SIGNED this the 13th day of May 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE